UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
PAPAYA MEDIA CORP.,

Plaintiff,

-against-

HAVEN HEALTH MANAGEMENT, LLC,

Defendant.
----------------------------------------------------------------------X

For Online Publication Only

FILED
CLERK
9/22/2026 3:15 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
25-cv-2752 (JMA) (LGD)

**AZRACK, United States District Judge:**

On May 16, 2025, Plaintiff Papaya Media Corp. ("Papaya") initiated this action against Defendant Haven Health Management, LLC ("Haven") by filing a Complaint alleging violations of federal and state trade secret protection statutes as well as several tort and contract claims. (ECF No. 1 ("Compl.").) On December 12, 2025, Haven filed a motion to dismiss the Complaint for lack of personal jurisdiction and improper venue. (ECF No. 14.) The Court presumes familiarity with the facts and background of this case.

In a Report and Recommendation issued on July 27, 2026 (the "R&R"), Magistrate Judge Lee G. Dunst recommended that Defendant's motion to dismiss be denied. (ECF No. 47.) Haven filed a limited objection to the R&R on August 10, 2026. (ECF No. 33.) Plaintiff filed a response on August 24, 2026. (ECF No. 40.) For the reasons stated below, the Court ADOPTS the R&R in its entirety and denies Defendant's motion to dismiss.

## I. LEGAL STANDARD

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see Fed. R. Civ. P. 72(b)(3) (similar). In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which

objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C) (emphasis added); see also Fed. R. Civ. P. 72(b)(3) (similar); United States ex rel. Coyne v. Amgen, Inc., 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), aff'd, 717 F. App'x 26 (2d Cir. 2017). By contrast, those portions of a Report and Recommendation to which there is no specific reasoned objection are reviewed for clear error. See, e.g., Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008). In the absence of any objections, "the district court need only satisfy itself that there is no clear error on the face of the record." Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd., 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (internal citations omitted).

## II. DISCUSSION

Judge Dunst recommended that Defendant's motion to dismiss for lack of personal jurisdiction and improper venue be denied in its entirety. The R&R finds that the Complaint alleges sufficient facts to establish specific personal jurisdiction over Haven pursuant to Section 302(a)(1) of New York's long arm statute.[1] (R&R at 9–17). The R&R also concludes that venue is proper under 28 U.S.C. § 1391 because "personal jurisdiction over a sole corporate defendant provides a proper basis for venue." (Id. at 21–22.)

Haven "does not object to the R&R's ultimate recommendation that the Motion be denied, and it does not seek reconsideration of that recommendation." (ECF No. 33 at 1.) Haven submitted an objection for the limited purpose of clarifying the nature of the factual findings in Section III.A.2.a.i.b of the R&R, titled "An Agency Relationship Exists between Defendant and LCN."[2] Essentially, Haven seeks confirmation from this Court that the R&R found only that an agency relationship was sufficiently alleged to allow the Complaint to survive a motion to dismiss, and that the R&R did not resolve—on the basis of the limited, pre-discovery factual record currently

1 Section 302(a)(1) confers specific personal jurisdiction "where a person or their agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state[.]" N.Y. C.P.L.R. § 302(a)(1)).

2 As the R&R explains, "LCN" refers to third-party Live Calls Network, LLC.

available—the ultimate question of whether such an agency relationship actually existed. (Id. at 1–3.)

Where a Court decides a motion to dismiss for lack of personal jurisdiction on pleadings and affidavits, the plaintiff need only make a prima facie showing that jurisdiction exists. See, e.g., Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 732 F.3d 161, 167 (2d Cir. 2013). If the Court chooses to hold an evidentiary hearing on the motion, the plaintiff must establish that jurisdiction exists by a preponderance of the evidence. See, e.g., Boyce v. Cycle Spectrum, Inc., 148 F. Supp. 3d 256, 263 (E.D.N.Y. 2015); Gilbert v. Indeed, Inc., 513 F. Supp. 3d 374, 391 (S.D.N.Y. 2021). Where no evidentiary hearing has taken place, a district court may consider materials outside the pleadings "without converting a motion to dismiss for lack of personal jurisdiction into a motion for summary judgment." Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A., 722 F.3d 81, 86 (2d Cir. 2013); see also Carrillo v. Sabbadini, No. 23-CV-5692, 2026 WL 878602, at *2 (S.D.N.Y. Mar. 31, 2026) ("While a court may consider materials outside the pleadings even where it does not hold an evidentiary hearing on the jurisdictional question, factual disputes regarding a plaintiff's jurisdictional allegations may not be resolved at the motion to dismiss stage.") (citing Dorchester, 722 F.3d at 86).

The R&R properly states the legal standard:

> The procedural posture of the case determines the plaintiff's precise burden. To survive the motion to dismiss for lack of personal jurisdiction, a plaintiff is required to make "only a *prima facie* showing" that a defendant is subject to personal jurisdiction in New York. At this stage, where the issue is addressed on affidavits, all allegations are construed in the light most favorable to the plaintiff, notwithstanding a controverted presentation by the moving party. While a plaintiff will ultimately have to prove the existence of personal jurisdiction over the defendant by a preponderance of evidence, prior to discovery, a plaintiff may defeat such a motion with legally sufficient allegations of jurisdiction that are pleaded in good faith.

(R&R at 6 (internal citations omitted).) The R&R's determination in Section III.A.2.a.i.b also clearly applies this standard, concluding: "The Court finds that Plaintiffs sufficiently alleged that

LCN engaged in purposeful conduct in New York with the knowledge, consent, and control of Defendant, so that Defendant transacted business in New York as required by Section 302(a)(1)." (R&R at 16 (emphasis added).) The R&R's references to undisputed allegations are clearly meant to indicate the relative weakness of Defendant's arguments on the motion to dismiss. (See, e.g., R&R at 15 ("Plaintiff also pleads that LCN, 'as Haven Health's exclusive agent, paid Papaya Media' for the campaign until August 2023, and that Papaya received its final payment 'on behalf of Haven Health' on August 21, 2023. Defendant does not dispute these allegations. The Court, therefore, finds that Plaintiff has made a prima facie showing of LCN's purposeful conduct in New York.") (internal citations omitted).) The R&R thus does not preclude Defendant from contesting the evidentiary basis for these allegations or submitting contrary proof after discovery.

Defendant does not object to any other aspect of the R&R, including Judge Dunst's finding that the Complaint sufficiently alleged an agency relationship between Haven and LCN. This Court finds no clear error in those aspects of the R&R and, accordingly, denies Defendant's motion to dismiss in its entirety.

## III. CONCLUSION

For the foregoing reasons, the Court ADOPTS the R&R as the opinion of the Court. Accordingly, Defendant's motion to dismiss is DENIED.

**SO ORDERED.**

Dated: September 22, 2026
Central Islip, New York

/s/ JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE